1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10

11  RONALD VELASQUEZ,                    ) NO. CV 07-1813-JSL (MAN)
                                         )
12                   Petitioner,         )
                                         )
13       v.                              ) REPORT AND RECOMMENDATION OF
                                         )
14  RICHARD KIRKLAND, Warden,            ) UNITED STATES MAGISTRATE JUDGE
                                         )
15                   Respondent.         )
    _____)
16

17

18       This Report and Recommendation is submitted to the Honorable J.

19  Spencer Letts, United States District Judge, pursuant to the provisions

20  of 28 U.S.C. § 636 and General Order No. 05-07 of the United States

21  District Court for the Central District of California.

22

23                              **INTRODUCTION**

24

25       Petitioner, a California state prisoner represented by counsel,

26  filed a habeas petition, pursuant to 28 U.S.C. § 2254, on May 19, 2007

27  ("Petition").  On June 20, 2007, Respondent filed a motion to dismiss

28  this action on the ground that the Petition is untimely under the one-

year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) ("Motion"). With the Motion, Respondent lodged pertinent portions of the state record ("Lodg."). On June 29, 2007, Petitioner filed his "Reply" to the Motion. Respondent did not file a response.

Briefing on the Motion is deemed complete, and the Motion is under submission. The Court has reviewed the record and concluded that the Motion is meritorious, because this action is untimely. Accordingly, the Court recommends that Respondent's Motion be GRANTED, and this action be dismissed with prejudice.

**PRIOR PROCEEDINGS**

On October 23, 2001, a Los Angeles Superior Court jury found Petitioner guilty of first degree murder, and found gang and firearm allegations to be true. (Lodg. No. 1 at 278, 280-81.) On January 30, 2002, the trial court sentenced Petitioner to a total prison term of 50 years to life. (Lodg. No. 1 at 325-26, 331-32.)

Petitioner appealed. (Lodg. No. 1 at 334; Lodg. Nos. 2-4.) On August 21, 2003, the California Court of Appeal affirmed Petitioner's conviction and sentence in a written, reasoned decision. (Lodg. No. 6.) Petitioner sought review in the California Supreme Court. (Lodg. No. 7.) On November 12, 2003, the California Supreme Court denied review. (Lodg. No. 8.)

Almost 15 months later, on February 4, 2005, Petitioner, who was represented by his current counsel, filed a habeas petition in the trial

court.  (Lodg. No. 9.)  That petition raised "the same allegations and exhibits filed herewith," *i.e.,* in this federal action.  (Petitioner's Memorandum of Points and Authorities in Support of Petition filed on May 23, 2007, at 2.)  On February 15, 2005, by overnight delivery service, Petitioner's counsel submitted supplemental exhibits in support of the trial court habeas petition; the trial court received the delivery and stamped the original document with a February 16, 2005 filing date. (*See* Lodg. No. 12, Exs. AA and BB.)  However, the trial court judge who considered the habeas petition apparently was not provided with the supplemental exhibits.  (Lodg. No. 12.)  On March 4, 2005, the trial court denied Petitioner's habeas petition on four grounds:  (1) the petition contained vague, conclusory allegations; (2) the petition failed to show a prima face case; (3) the allegations of new evidence and the withholding of exculpatory evidence were based on matters known to all parties at the time of trial and were raised in a pretrial hearing, and thus, they should have been raised on appeal; and (4) the issue of ineffective assistance of counsel was raised on appeal and rejected.  (Lodg. No. 10.)

On March 16, 2005, Petitioner's counsel learned that the supplemental exhibits had not been considered by the trial judge who issued the March 4, 2005 order, and she re-filed them.  On March 18, 2005, Petitioner's counsel submitted a request for reconsideration of the trial court's March 4, 2005 order.  (Lodg. Nos. 11-12.)  On April 26, 2005, the trial court stamped the request for reconsideration "filed" and denied it, stating that the supplemental exhibits had now been considered, but they did not cause any change in the March 4, 2005 ruling.  (Lodg. Nos. 12-13.)

3

1    Ninety-two days later, on July 27, 2005, Petitioner's counsel filed
2    a habeas petition in the California Court of Appeal and lodged
3    supporting exhibits.   (Lodg. No. 14.)   The state appellate court
4    petition included the same exhibits as had been presented to the trial
5    court, along with copies of the trial court's orders.   Additionally, the
6    state appellate court petition raised the same habeas claims as had been
7    raised in the trial court petition and relied on the same statement of
8    facts based on the trial record.   The petitions filed in the trial court
9    and the state appellate court differed only in that the appellate court
10   petition added:   a brief discussion of the procedural history of the
11   trial court habeas petition; a brief argument as to why the trial
12   court's order was erroneous; and an expanded and more detailed
13   discussion of the facts supporting Petitioner's claims as adduced from
14   the accompanying exhibits.   (*Compare* Lodg. No. 9 with Lodg. No. 14.)
15   The state appellate court petition did not address the issue of delay or
16   provide any explanation for why it had not been filed more promptly
17   after the trial court's ruling.   (Lodg. No. 14, *passim*.)

18

19   On September 19, 2005, the California Court of Appeal denied the
20   petition by an order that stated simply:   "Petition for Writ of Habeas
21   Corpus is DENIED."   (Lodg. No. 15.)   The state appellate court's
22   "silent" denial is considered to rest on the last reasoned decision on
23   Petitioner's claims, namely, the grounds articulated by the trial court
24   in its decision of March 4, 2005.   *See, e.g.,* Ylst v. Nunnemaker, 501
25   U.S. 797, 803-06, 111 S. Ct. 2590, 2594-96 (1991); Pham v. Terhune, 400
26   F.3d 740, 742 (9th Cir. 2005).

27

28   Eighty-one days later, on December 9, 2005, Petitioner, through

4

counsel, filed a habeas petition in the California Supreme Court and lodged supporting exhibits. (Lodg. No. 16.)  With the inclusion of the trial and state appellate court orders, these exhibits were the same as those Petitioner had presented with his trial and state appellate court petitions.  The California Supreme Court habeas petition was virtually identical in substance to the habeas petition Petitioner had filed in the California Court of Appeal, with the exception of added text briefly noting the fact of the state appellate court proceedings and that: "While that petition was pending and subsequently efforts have continued to interview Robert Benavides and other civilian and law enforcement witnesses including Detective Tobledo.  Absent a hearing and subpoena power, it is unlikely that more evidence can be obtained." (Lodg. No. 16 at 5-6.)  Petitioner did not address the issue of delay or provide any explanation for why his state high court petition had not been filed sooner after the California Court of Appeal's decision. (Lodg. No. 16, *passim*.)

On January 23, 2006, Petitioner submitted to the California Supreme Court a corrected copy of one of the previously-submitted exhibits. (Lodg. No. 17.)  Thereafter, on or about August 18, 2006, Petitioner submitted to the California Supreme Court a request to file two supplemental exhibits. (Lodg. No. 18.)  On September 8, 2006, the California Supreme Court directed the Office of the Attorney General to submit an informal response to the habeas petition on the merits. (Petition Ex. FF.)  The Office of the Attorney General filed an informal response on December 7, 2006. (Lodg. No. 19.)  On January 25, 2007, Petitioner filed a reply. (Lodg. No. 20.)

1    On March 14, 2007, the California Supreme Court denied the petition
2    by simply stating:  "Petition for writ of habeas corpus is DENIED."
3    (Lodg. No. 21.)  Five days later, Petitioner's counsel filed the instant
4    Petition.

5

6                              **DISCUSSION**

7

8         Since the 1996 amendments to the federal habeas statutes effected
9    by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state
10   prisoners seeking habeas relief under 28 U.S.C. § 2254 have been subject
11   to a one-year time limit on the filing of petitions.  Congress "adopted
12   a tight time line" in 1996, to "advance the finality of criminal
13   convictions."  <u>Mayle v. Felix</u>, 545 U.S. 644, 662, 125 S. Ct. 2562, 2573
14   (2005).  By creating the AEDPA limitations period, Congress intended to
15   "'halt the unacceptable delay which has developed in the federal habeas
16   process.'"  <u>Calderon v. United States District Court (Kelly III)</u>, 127
17   F.3d 782, 785 (9th Cir. 1997)(citation omitted), *overruled in part on*
18   *other grounds by* <u>Calderon v. U.S. District Court (Kelly V)</u>, 163 F.3d
19   530, 540 (9th Cir. 1998).  The "statutory purpose" of the limitations
20   period is to "encourag[e] prompt filings in federal court in order to
21   protect the federal system from being forced to hear stale claims."
22   <u>Carey v. Saffold</u>, 536 U.S. 214, 226, 122 S. Ct. 2134, 2141 (2002)*; see*
23   *also* <u>Welch v. Newland</u>, 350 F.3d 1079, 1083 (9th Cir. 2003)(*en banc*).

24

25        The one-year limitations period is contained in 28 U.S.C. §
26   2244(d)(1).  This limitations period is subject to a statutory tolling
27   provision, which suspends it for the time during which a "properly-
28   filed" application for post-conviction or other collateral review is

                                      6

"pending" in state court.  28 U.S.C. § 2244(d)(2); <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See, e.g.,* <u>Jorss v. Gomez</u>, 311 F.3d 1189, 1192 (9th Cir. 2002)("A petition can also be timely, even if filed after the one-year period has expired, when statutory or equitable tolling applies.").

A.   <u>The Accrual Of Petitioner's Limitations Period</u>

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:  (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Respondent contends that Section 2244(d)(1)(A) governs the running of the limitations period in this case, which Petitioner does not dispute.  For purposes of Section 2244(d)(1)(A), Petitioner's judgment became "final" following the expiration of his time to appeal.  The California Supreme Court denied review on November 12, 2003, and there is no evidence that Petitioner filed a petition for certiorari with the

United States Supreme Court.  Accordingly, Petitioner's state conviction became "final" 90 days later, on February 10, 2004.  *See, e.g.,* <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001); <u>Brown v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Thus, Petitioner's limitations period expired on February 10, 2005, absent any tolling.  <u>Patterson</u>, 251 F.3d at 1246.

B.  <u>Statutory Tolling Does Not Render The Petition Timely</u>.

As noted above, 28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  Additionally, in appropriate circumstances, applications for state post-conviction relief filed in an upward progression may be deemed "pending" under Section 2244(d)(2) "even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." <u>Biggs v. Terhune</u>, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also* <u>Saffold</u>, 536 U.S. at 217-25, 122 S. Ct. at 2137-41 (holding that for purposes of California's "original" habeas petition system:  "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court").  A state post-conviction application is not "properly-filed," and therefore does not qualify for Section 2244(d)(2) tolling, if it is untimely under state law.  *See* <u>Evans v. Chavis</u>, 546 U.S. 189, 192-201, 126 S. Ct. 846, 849-54 (2006)(state petitions held to be untimely under California law were not "pending" under Section 2244(d)(2)); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005)("[w]hen a postconviction

petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)"); and <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th Cir. 2005), *as amended by* 439 F.3d 993 (9th Cir. 2006).

As described above, Petitioner sought habeas relief at the state trial, appellate, and high court levels during the period from February 4, 2005, through March 14, 2007. As of February 3, 2005, Petitioner's limitations period had been running for 358 days, leaving seven days remaining. Petitioner filed the instant Petition on March 19, 2007, five days after the California Supreme Court's denial of habeas relief on March 14, 2007. Thus, if Petitioner is entitled to receive Section 2244(d)(2) tolling for the entire time he was seeking state habeas relief, including the time intervals between his three state habeas petitions, the Petition is timely. If, however, Petitioner is not entitled to receive such interval tolling, then the Petition plainly is untimely, as well more than seven days elapsed between his state filings at the trial and appellate court levels, and his filings at the appellate and high court levels, which would render any subsequently-filed state petitions too late and, thus, meaningless for purposes of Section 2244(d)(2).[1] Whether or not Petitioner is entitled to Section 2244(d)(2) tolling for the intervals of time between his state habeas filings turns on whether Petitioner delayed unreasonably in filing his California Court of Appeal petition ("CCA petition") and California

---

[1] *See, e.g.,* <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001)(state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000)(state petition filed a month-and-a-half after limitations period expired did not warrant Section 2244(d)(2) tolling).

9

Supreme Court habeas petition ("CSC petition"), *i.e.*, whether those two petitions must be deemed timely for purposes of Section 2244(d)(2).

Under California law, a state habeas petition is timely only if filed within a "reasonable time."  *See* <u>Chavis</u>, 546 U.S. at 192, 126 S. Ct. at 849 (*quoting* <u>In re Harris</u>, 5 Cal. 4th 813, 828 n.7, 21 Cal. Rptr. 2d 373 (1993)); <u>Saffold</u>, 536 U.S. at 221, 122 S. Ct. at 2139. California courts require habeas petitioners to "explain and justify any significant delay in seeking habeas relief." <u>In re Clark</u>, 5 Cal. 4th 750, 765, 783, 21 Cal. Rptr. 2d 509, 518, 530 (1993); *see also* <u>King v. Lamarque</u>, 455 F.3d 1040, 1043 (9th Cir. 2006)("A habeas petitioner in California must justify any 'significant' or 'substantial' delay in seeking habeas corpus relief."). Although this justification of delay rule is well-established in California, "[t]here are no standards for determining what period of time or factors constitute 'substantial delay' in noncapital cases," and "[t]here also are no standards for determining what factors justify any particular length of delay." *Id.*

In Petitioner's state habeas proceedings, no state court expressly found his petition to be untimely.  Indeed, given the nature of the trial court's order of March 4, 2005, and application of the <u>Ylst</u> look-through doctrine to the silent denials of relief by the California Court of Appeal and the California Supreme Court, it appears that each of the state courts considered the petitions on their respective merits. However, in recent years, the Supreme Court has twice made clear that, for purposes of the federal timeliness/Section 2244(d)(2) analysis, the presumptively merits-based nature of state court habeas decisions does not, on its own, mandate Section 2244(d)(2) interval tolling.  In

1  <u>Saffold</u>, the Supreme Court observed that California courts address the
2  merits of untimely petitions for a variety of reasons, and thus, even an
3  express indication that a petition was resolved "on the merits" should
4  not be treated as establishing that the state court found the petition
5  to be timely.   536 U.S. at 226, 122 S. Ct. at 2141.   In <u>Chavis</u>, the
6  Supreme Court held that, when a California court order on a state habeas
7  petition does not contain a clear indication whether or not the petition
8  was timely or untimely, the federal court considering a timeliness
9  challenge "must itself examine the delay in each case and determine what
10 the state courts would have held with respect to timeliness."   546 U.S.
11 at 198, 126 S. Ct. at 852.   "That is to say, without using a merits
12 determination as an 'absolute bellwether' (as to timeliness), the
13 federal court must decide whether the filing of the request for state-
14 court appellate review (in state court collateral review proceedings)
15 was made within what California would consider a 'reasonable time.'"
16 *Id.*

17

18     Hence, under <u>Chavis</u>, this Court must determine whether the delays
19 in filing the CCA petition and the CSC petition constitute a "reasonable
20 time" or not.   The Supreme Court acknowledged that, "[g]iven the
21 uncertain scope of California's 'reasonable time' standard, it may not
22 be easy" to make such a determination, but failed to establish any hard
23 and fast rules for ascertaining what constitutes a "reasonable time."
24 546 U.S. at 199, 126 S. Ct. at 853.   Nonetheless, several guiding
25 principles can be divined from the <u>Chavis</u> decision.

26

27     First, in <u>Chavis</u>, the Supreme Court was plainly concerned that
28 application of California's amorphous timeliness standard not result in

11

the receipt of Section 2244(d)(2) interval tolling by habeas petitioners from California that is substantially longer than the interval tolling afforded habeas petitioner from states which set fixed periods for seeking state post-conviction relief.   In both <u>Saffold</u> and <u>Chavis</u>, the Supreme Court opined that "most States" provide a "short period of time" for seeking review of a lower court denial of habeas relief, such as 30 or 60 days.   <u>Chavis</u>, 546 U.S. at 192-95, 201, 126 S. Ct. at 849-51, 854; <u>Saffold</u>, 536 U.S. at 219, 122 S. Ct. at 2137-38.   In <u>Chavis</u>, the Supreme Court cautioned courts in the Ninth Circuit that they:

> [M]ust keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other states, *i.e.,* that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

546 U.S. at 199-200, 126 S. Ct. at 853 (emphasis in original).   The Supreme Court invited California "to tell us if, in this respect, we were wrong" (*id*.); to date, no California decision has challenged the Supreme Court's above-stated assumption.   Thus, <u>Chavis</u> cautions against interpreting California's timeliness standard in a manner that deviates significantly from the 30 to 60 day periods the Supreme Court has found to govern in "most States."

Second, <u>Chavis</u> does appear to establish at least one outside time limitation for interval tolling.   In considering the case before it, in

12

which there had been an unexplained and unjustified six month delay in seeking habeas relief in the California Supreme Court, the Supreme Court flatly declared Section 2244(d)(2) tolling inapplicable.   The Supreme Court reasoned:

> We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable."  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

546 U.S. at 201, 126 S. Ct. at 854.

Third, and contrary to Petitioner's primary argument in his Reply, the fact that both the California Court of Appeal and the California Supreme Court apparently resolved the CCA petition and the CSC petition on their respective merits is not dispositive of the *federal* issue before this Court, *viz.*, whether Section 2244(d)(2) tolling should be accorded for the gaps in time preceding these state filings.  Chavis clearly imposes on every federal court in the Ninth Circuit reviewing the timeliness of a California state prisoner's case the duty of assessing whether a habeas petition filed in the California Court of Appeal and/or the California Supreme Court was timely under California's reasonableness standard, even when those state courts have ruled on the merits and have failed to address the timeliness of the petition.  For this same reason, Petitioner's assertion that Respondent's failure to assert the California timeliness bar in the state courts precludes him

13

1   from arguing that Section 2244(d)(2) tolling is unavailable for the
2   intervals between state habeas petitions (Reply at 4) is without merit.
3   <u>Chavis</u>, and the duty it imposes on federal courts to assess
4   independently the federal Section 2244(d)(2) interval tolling issue,
5   forecloses Petitioner's waiver argument.

6

7        With these governing principles in mind, the Court turns to the two
8   intervals in question.  Petitioner's trial court habeas petition was
9   denied on March 4, 2005.  Petitioner sought reconsideration on March 16,
10  2005, based on two overlooked exhibits, and his request was denied on
11  April 26, 2005.  Petitioner did not file the CCA petition until July 27,
12  2005.  Thus, 91 days elapsed between the denial of reconsideration and
13  the filing of the CCA petition.[2]  After the CCA petition was denied on
14  September 19, 2005, Petitioner did not file the CSC petition until
15  December 9, 2005.  This second interval totaled 83 days.  Under <u>Chavis</u>,
16  the Court must determine whether these two intervals of 91 days[3] and 83
17  days satisfy the "reasonable time" standard.

18  _____
19      [2]   In the Court's view, given that the trial court had soundly
    rejected Petitioner's claims in spite of the showing made in
20  Petitioner's trial court habeas petition (which included numerous
    exhibits and allegations), reasonable counsel would not have perceived
21  reconsideration by the trial court to be a strong likelihood.  Put
    otherwise, reasonable counsel would have taken steps to be in a position
22  to timely file a habeas petition in the California Court of Appeal once
    a ruling on the reconsideration request issued.  In total, 144 days
23  elapsed between the initial denial of the trial court petition and the
    filing of the CCA petition.

24      [3]   Respondent argues that the Court should consider the interval
    of 144 days, <i>i.e.</i>, the time between the March 4, 2005 denial of relief
25  initially and the filing of the CCA petition, to be the interval in
    issue for Section 2244(d)(2) purposes.  For the reasons set forth above,
26  including counsel's presumed awareness that she likely would need to
    promptly seek relief in the California Court of Appeal, that argument
27  has some appeal.  Nonetheless, the Court has opted to utilize and assess
    the shorter 91-day interval between the denial of the reconsideration
28  request and the filing of the CCA petition.

                                    14

1    Perhaps not surprisingly, decisions applying <u>Chavis</u> to the grey
2 area between the parameters the decision delimited -- *viz.,* delays of
3 more than 30 to 60 days but less than six months -- have reached varying
4 results.  When the delays in issue have been explained and justified,
5 district courts in California have been more likely to finds delays in
6 excess of 60 days to be "reasonable." *See, e.g.,* <u>White v. Ollison</u>, 530
7 F. Supp. 2d 1077 (C.D. Cal. 2007)(petitioner held entitled to gap
8 tolling for 76-day interval between trial court order of denial and
9 state high court filing, when *pro se* petitioner showed that he had
10 submitted a habeas petition to the state high court during this
11 interval, but it had been rejected for filing because it was not on the
12 correct form); <u>Haynes v. Carey</u>, 2007 WL 3046008, *3, *6 (E.D. Cal.
13 2007)(finding *pro se* petitioner's explanation for his 170-day delay,
14 based on repeated prison lockdowns and law library closures, to be
15 sufficient to justify the delay and render it reasonable for purposes of
16 interval tolling); <u>Bui v. Hedgpeth</u>, 516 F. Supp. 2d 1170, 1174 (C.D.
17 Cal. 2007)(finding gaps of almost three months and five months to have
18 been adequately explained and justified by *pro se* prisoner based on
19 lengthy and detailed declarations he submitted to the state courts and
20 in his federal action explaining the reasons for his delay).
21 Conversely, when delays in excess of 60 days have not been adequately
22 explained or justified, district courts in California have been more
23 likely to find them unreasonable and, hence, to preclude interval
24 tolling. *See, e.g.,* <u>Rodriquez v. Curry</u>, 2008 WL 512724, *3-*4 (N.D.
25 Cal. 2008)(four and a half month interval between state petitions held
26 to be unreasonable, when petitioner proffered as justification events
27 that did not actually explain why the delay occurred and, thus, did not
28 actually justify the delay); <u>Hunt v. Felker</u>, 2008 WL 364995, *3 (E.D.

15

Cal. 2008)(unexplained 70-day interval between *pro se* prisoner's state appellate and high court habeas petitions held to be unreasonable); <u>Ray v. Marshall</u>, 2007 WL 3096157, *4 (E.D. Cal. 2007)(unexplained 139-day delay between trial court order and petition filed in California Court of Appeal held to be unreasonable and not subject to interval tolling); <u>Culver v. Director of Corrections</u>, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006)(denying interval tolling for unexplained gaps of 97 days between state trial and appellate court filings, and 71 days between state appellate and high court filings).

In this case, although Petitioner is represented by experienced habeas counsel, he has provided no explanation for his 91-day and 83-day delays in filing, respectively, the CCA petition and the CSC petition. He also failed to explain this delay in the state courts. Although Petitioner cites his CSC petition at pp. 5-6 as explaining "that he continued in his efforts to obtain more evidence" (Reply at 2), the cited discussion fails to provide any explanation of why Petitioner delayed 91 days before seeking relief in the California Court of Appeal, and another 83 days before seeking relief in the California Court of Appeal. At best, this discussion explains the delay in initially seeking habeas relief in the trial court, and simply describes the procedural events of the lower court proceedings. It does not provide any explanation of, much less justification for, counsel's significant delay -- twice -- in seeking habeas relief at the next level of the state court system.[4]

---

[4]   Petitioner notes that, as a result of his continued investigation while his California Supreme Court petition was pending, his investigator located an important witness and obtained her

16

1    It is Petitioner's burden, of course, to explain and justify the
2    lengthy intervals between his state habeas filings.  He has failed to
3    meet that burden, and no such explanation is apparent from the record.
4    While the CCA petition did contain an expanded discussion of the
5    evidence, it is not readily apparent that this expanded discussion
6    justified a delay of 91 days from the trial court's denial of
7    reconsideration (and 144 days from the trial court's initial denial of
8    relief).  Moreover, the CSC petition was virtually identical to the CCA
9    petition, and it is difficult to perceive any justification for delaying
10   83 days before filing it.

11

12   For these reasons, the Court concludes that the unexplained, and
13   thus unjustified, delays in issue here -- 91 days between the trial
14   court's denial of reconsideration and counsel's filing of the CCA
15   petition, and 83 days between the denial of the CCA petition and
16   counsel's filing of the CSC petition -- did not constitute a "reasonable
17   time" for purposes of the analysis mandated by <u>Chavis</u>.  Hence, neither
18   interval warrants Section 2244(d)(2) tolling.  As explained above, when
19   Petitioner initially filed his trial court habeas petition, he had only
20   seven days remaining in his limitations period.  Once the trial court
21   denied reconsideration on April 26, 2005, the limitations period
22   recommenced running, and it expired on May 3, 2005, well before
23   Petitioner's two subsequent state habeas petitions were filed and over

24   _____

25   declaration, which was filed in his pending state high court proceeding
     in August 2006, eight months after the petition had been filed.  (Reply
26   at 3.)  While this fact shows that Petitioner continued his
     investigation, it does not explain why he delayed 83 days following the
27   California Court of Appeal's denial of relief before filing a petition
     in the California Supreme Court that was essentially identical to the
28   petition filed in the California Court of Appeal.

1  two years before the instant Petition was filed.  Accordingly, the

2  instant Petition is untimely.[5]

3

4      For all of the foregoing reasons, this action is untimely under 28

5  U.S.C. § 2244(d)(1) and must be dismissed with prejudice.  Accordingly,

6  Respondent's Motion should be GRANTED.

7

8                              **RECOMMENDATION**

9

10     For the foregoing reasons, IT IS RECOMMENDED that the District

11 Court issue an Order:   (1) accepting and adopting this Report and

12 Recommendation; (2) granting Respondent's Motion; and (3) directing that

13 Judgment be entered dismissing this action with prejudice.

14 DATED: March 26, 2008.

15

16                                         /s/
                                    _____
17                                    MARGARET A. NAGLE
                              UNITED STATES MAGISTRATE JUDGE

18

19                              **NOTICE**

20

21

22     Reports and Recommendations are not appealable to the Court of

23 Appeals, but may be subject to the right of any party to file objections

24 as provided in the Local Rules Governing the Duties of Magistrate Judges

25 and review by the District Judge whose initials appear in the docket

26     _____

       [5]     Petitioner does not claim any entitlement to receive equitable
27 tolling.  It would be his burden to establish that the doctrine applies
   in his case.  <u>Pace</u>, 544 U.S. at 418, 125 S. Ct. at 1814-15; *see also*
28 <u>Lawrence v. Florida</u>, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007);
   <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

                                     18

number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.